UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-123-KSF

FORTUNE HI-TECH MARKETING, INC.                                              PLAINTIFF

v.                                          **OPINION & ORDER**

JOSEPH M. ISAACS, *et al.*                                                  DEFENDANTS

* * * * * * * * * *

This matter is before the Court upon the motion of the plaintiff, Fortune Hi-Tech Marketing, Inc. ("FHTM"), for contempt [DE #34]. A hearing on this motion was held on December 21, 2010 at which the parties presented evidence and testimony. For the reasons set forth below, FHTM's motion for contempt will be denied as moot.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Fortune is a direct sales company that markets products and services to end user consumers through Independent Representatives ("IRs"). Formed in 2000, FHTM has adopted the multi-level marketing ("MLM") business model whereby IRs sell products and services directly to individual customers. According to FHTM, their trademarks and service marks - FORTUNE HI-TECH MARKETING and FHTM - have become well known in the industry and have established goodwill and a solid reputation for quality services and products provided through FHTM.

In September 2009, Isaacs, a Florida resident, became an IR for FHTM. Shortly thereafter, he organized Fortune Social, LLC ("FSL") to operate a website called www.fortunesocial.com (the

1

"Website"). The purpose of the Website was to facilitate networking exclusively among FHTM IRs. FSL is also the registrant of the domain names of other websites that provide online training to FHTM IRs who are registered members of the Website. According to FHTM, the Website has misappropriated FHTM's trademarks and service marks and sought to profit from FHTM's good name and reputation. When Isaacs refused to remove the trademarks and service marks from the Website, FHTM terminated Isaacs. FHTM contends after Isaacs' termination, he continued to use FHTM's marks and tradenames, and also used the Website to defame and disparage FHTM and to distribute false and misleading documents that purport to be state court pleadings and press releases.

In April 2010, FHTM filed this civil action against the defendants, asserting the following claims: misappropriation of mark, reputation and name, intentional interference with existing and prospective contractual relations, violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125, trademark infringement, and unjust enrichment [DE #1]. Fortune also moved for a preliminary injunction. At the hearing on the plaintiff's motion for preliminary injunction on May 11, 2010, the defendants orally moved to stay these proceedings pending the outcome of arbitration. The Court continued the preliminary injunction hearing and ordered the parties to brief the issue [DE #19]. Then, on May 17, 2010, the Court entered its Opinion & Order holding that under the Federal Arbitration Act, 9 U.S.C. § 206, FHTM's claims are subject to binding arbitration. However, the Court retained jurisdiction to consider FHTM's motion for preliminary injunction [DE #22]. On May 18, 2010, the Court entered the parties' Agreed Order whereby the defendants agreed to take the following actions:

> (i) immediately take offline and render inaccessible www.fortunesocial.com; www.fortunewebinars.com; and www.fhtmwebconnect.com; (ii) immediately cease and desist using the trademarks identified in Exhibits A and B to Fortune's Motion

2

for Preliminary Injunction; and (3) immediately cease and desist offering for sale the FHTM Webconnect and Fortune Webinars products.

[DE #25].

Shortly thereafter, on May 24, 2010, FHTM filed a motion for contempt, alleging that the defendants were continuing to transmit e-mails from one of the websites that they agreed and were ordered to take offline [DE #27]. In response to the motion, the defendants agreed to voluntarily discontinue the use of the disputed email address until the arbitrator rules in this case [DE #32]. As a result, FHTM's motion for contempt was denied without prejudice to refiling in the event the defendants take any further action in violation of this Court's order [DE #32].

On October 28, 2010, FHTM filed a second motion for contempt [DE #34]. FHTM contends that the defendants have continued to use the name and trademarks associated with FHTM, its business and its IRs. Specifically, FHTM alleges that Isaacs has posted and reposted purported press releases through various web-based media that copy from his pleadings in the pending arbitration with FHTM. Additionally, FHTM alleges that Isaacs has created and maintained a webpage for Fortune Social on the social networking site www.facebook.com. Finally, FHTM alleges that Isaacs has continued to use FHTM's tradename and trademarks in internet-based media by maintaining a webpage for "Fortune Hi-Tech Marketing" that features FHTM corporate logos and images, and that appears to be a social networking page maintained by FHTM. Based on this conduct, FHTM moves the Court to hold Isaacs in contempt and sanction him by requiring him to cease his "defamatory smear campaign" and awarding FHTM its costs and fees associated with bringing this motion.

## II.   ANALYSIS

In order to succeed on their motion for contempt, FHTM must "produce clear and convincing

evidence that shows that '[the opposing party] violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Electrical Workers Pension Trust Fund of Local Union #58 v. Gary's Electric Service Co.*, 340 F.3d 373, 379 (6th Cir. 2003)(quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987).  Once the moving party establishes his or her prima facie case, the burden shifts to the opposing party to prove he or she is unable to comply with the court's order.  *Electrical Workers*, 340 F.3d at 379.  The opposing party must "show categorically and in detail why he or she is unable to comply with the court's order."  *Rolex Watch U.S.A. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).  Unless the opposing party demonstrates that he took "all reasonable steps within [his] power to comply with the court's order, the Court should hold him in contempt.  *Electrical Workers*, 340 F.3d at 379, quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989).

At the hearing, Issacs claims that he has fully complied with the Agreed Order.  With respect to the three websites listed in the Agreed Order, he testified that they are all offline and inaccessible.  FHTM does not dispute this.  However, the Facebook groups containing FHTM's logos were apparently not deleted until recently.  Isaacs testified that he engaged a consulting company, CCS, to create two Facebook group pages, Fortune Social and Fortune Hi-Tech Marketing, in November or December 2009.  He further testified that he had forgotten about the Facebook groups until he received FHTM's second motion for contempt.  Despite some initial difficulties, Isaacs testified that Facebook has recently taken these groups down.  Therefore, while the Facebook groups were in violation of the Court's Agreed Order to the extent that they contained FHTM's trademark images, they are no longer in existence and FHTM's motion for contempt with respect to the Facebook groups is now moot.

4

Finally, FHTM complains that Isaacs' press releases violate the terms of the Agreed Order. While the press releases do not contain any of FHTM's logos, they do contain contact information listing "Joseph Isaacs Fortune Social Network - FHTM" [Plaintiff's Ex. #10]. FHTM contends that Isaacs is posting these press releases as though he has a connection with FHTM. However, since the filing of FHTM's second motion for contempt, Isaacs has changed the contact information to an alias. Consequently, his latest press release [Plaintiff's Ex. #10] is no longer in violation of the Agreed Order. Thus, FHTM's motion for contempt based on the press releases is now moot.

The Court understands FHTM's concern that it is only after the filing of two motions for contempt that Isaacs has fully complied with the Agreed Order. While Isaacs has offered excuses for his delay in full compliance, the Court will not accept any further excuses. The Agreed Order is clear, and Isaacs must make all reasonable efforts to ensure that he continues to obey the Court's Agreed Order. Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that FHTM's motion for contempt [DE #34] is **DENIED** as moot.

This December 21, 2010.



Signed By:

_**Karl S. Forester**_  K S F

**United States Senior Judge**

5