UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-123-KSF

FORTUNE HI-TECH MARKETING, INC.                                                                 PLAINTIFF

v.                                                    **OPINION & ORDER**

JOSEPH M. ISAACS, *et al.*                                                                            DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motions of the defendants, Joseph M. Isaacs and Fortune Social, LLC, to quash subpoenas and to dismiss this action [DE #58, 59]. These motions are fully briefed and are ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Fortune is a direct sales company that markets products and services to end user consumers through Independent Representatives ("IRs"). Formed in 2000, Fortune has adopted the multi-level marketing ("MLM") business model whereby IRs sell products and services directly to individual customers. According to Fortune, their trademarks and service marks - FORTUNE HI-TECH MARKETING and FHTM - have become well known in the industry and have established goodwill and a solid reputation for quality services and products provided through Fortune.

In September 2009, Isaacs became an IR for Fortune. Fortune IRs are independent contractors who market and sell certain products or services offered through Fortune, and the IRs earn commissions and bonuses based on these sales. In October 2009, Isaacs organized Fortune

1

Social, LLC ("FSL") to operate a website called www.fortunesocial.com (the "Website"). The purpose of the Website was to facilitate networking exclusively among Fortune IRs. FSL is also the registrant of the domain names of other websites that provide online training to Fortune IRs who are registered members of the Website.

Fortune became aware of the Website in 2010, and determined that Isaacs was using Fortune's trademarks and trade names to promote his own products. Fortune also determined that Isaacs was using websites located at www.fhtmwebconnect.com and www.fortunewebinars.com to promote other networking and "web meeting" products. Fortune demanded that Isaacs discontinue the use of its trademarks, trade names and websites in promoting his social networking and web meeting offerings. Fortune contends that Isaacs refused, and instead offered to sell the Website to Fortune for $2,500,000. Fortune ultimately terminated Isaacs.

In April 2010, Fortune filed this civil action against the Defendants, asserting the following claims: misappropriation of mark, reputation and name, intentional interference with existing and prospective contractual relations, violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125, trademark infringement, and unjust enrichment [DE #1]. Fortune also filed a motion for preliminary injunction [DE #6].

The parties came before the Court on May 11, 2010 for a hearing on the motion for preliminary injunction. At the hearing, the Defendants argued that the matter should be stayed pending the outcome of binding arbitration based on the parties' contractual agreement to arbitrate. The Court construed this argument as a motion to compel arbitration and ordered briefing on this issue [DE #19]. On May 17, 2010 the Court entered its Opinion & Order granting in part the Defendants' motion to compel arbitration, but denying it with respect to the motion for preliminary

injunction [DE #22]. The hearing on the motion for preliminary injunction was continued until May 18, 2010. On that date, the Court entered the parties' Agreed Order, providing:

1. Fortune is a multi-level marketing company headquartered in Lexington, Kentucky. In the conduct of its business, Fortune has created certain trademarks that identify its products and services. Fortune utilizes a tradename that identifies the same products and services.
2. Defendants, Joseph M. Isaacs ("Isaacs") and Fortune Social, LLC ("FS"), have developed and marketed certain products through several websites, including www.fortunesocial.com, www.fortunewebinars.com and www.fhtmwebconnect.com.
3. The Court has found that the underlying issues in the litigation, with the exception of Fortune's claim for preliminary injunctive relief, are subject to an arbitration agreement.
4. Unless subsequently agreed or ordered otherwise, Defendants will take the following actions: (I) immediately take offline and render inaccessible www.fortunesocial.com; www.fortunewebinars.com; and www.fhtmwebconnect.com; (ii) immediately cease and desist using the trademarks identified in Exhibits A and B to Fortune's Motion for Preliminary Injucntion; and (3) immediately cease and desist offering for sale the FHTM Webconnect and Fortune Webinars products.

[DE #25].

This matter remained pending in this Court while the matter was referred to arbitration. On September 19, 2011, the parties filed their Joint Status Report informing the Court as follows:

The parties have entered into a confidential settlement agreement that resolves the claims asserted in this action, subject to both parties meeting certain conditions for approximately nine months from the filing of this report. The parties have agreed that this action should remain on the active docket to facilitate the parties' investigation into whether the conditions are being met, and the parties respectfully request that the Court permit this action to remain on the active docket for that purpose.

[DE#50]. Accordingly, the Court entered its Order staying this matter until June 22, 2012, at which time the parties were required to file a status report [DE #51]. Fortune subsequently filed a motion for clarification or in the alternative for limited lift of the stay [DE #52]. The Court then clarified

3

its Order, holding that "this action may be used to facilitate the parties' investigation into whether the condition of their settlement agreement are being met, including but not limited to the use of third party discovery" [DE #53].

On May 7, 2012, Fortune's new counsel issued eight subpoenas to various web services requesting information. The subpoenas were issued before Fortune's counsel had been admitted to practice in this Court. After filing motions pro hac vice, these counsel were admitted to practice before this Court [DE #57]. The previous subpoenas were withdrawn and new subpoenas have been issued. The Defendants have filed a motion to quash these subpoenas as well as a motion to dismiss this action. These motions are discussed below.

## II.   DEFENDANTS' MOTION TO DISMISS [DE #59]

The Defendants move to dismiss this action based on the parties' alleged agreement in the Settlement Agreement to dismiss the action one year from the Effective Date of Settlement, which was June 6, 2011. The Defendants argue that nothing in the Settlement Agreement permits Fortune to continue with discovery. The Court disagrees.

The agreement to dismiss this action in the Settlement Agreement was contingent on all the parties abiding by the agreement not to disparage each other. Fortune has referred the matter of the alleged violations of the Settlement Agreement to the arbitrator. This action remained pending in this Court to facilitate discovery of alleged breaches during the one year period after the Effective Date of Settlement. Fortune is entitled to investigate and conduct discovery related to any alleged breaches which occurred prior to June 6, 2012. Accordingly, the Defendants' motion to dismiss will be denied at this time.

**III.     DEFENDANTS' MOTION TO QUASH [DE #58]**

The Court now turns to the Defendants' motion to quash. As agreed to by the parties in the Settlement Agreement, "[n]either party shall oppose the other party's efforts to obtain evidence of alleged violations of Sections 3 and 5 of this Agreement through subpoenas filed in the Action." To the extent that the Defendants seek to quash the subpoenas that were issued before Fortune's attorneys were admitted to practice in this Court, these subpoenas have been withdrawn by Fortune and reissued. Thus, that argument is now moot. To the extent that the subpoenas seek evidence relevant to alleged breaches of the Settlement Agreement prior to June 6, 2012, Fortune is entitled to this discovery under the terms of Paragraph 10 of the Settlement Agreement. Accordingly, the Defendants' motion to quash will be denied.

**IV.     CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     the Defendants' motion to quash [DE #58] is **DENIED**; and

(2)     the Defendants' motion to dismiss [DE #59] is **DENIED**.

This July 6, 2012.



Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**