UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-123-KSF

FORTUNE HI-TECH MARKETING, INC.                                                    PLAINTIFF

VS.                                        - ORDER -

JOSEPH M. ISAACS, ET AL                                                            DEFENDANTS

* * * * * * * *

       This matter is before the Court on the Court's inherent authority to ensure the efficient administration of its docket.

       The Court notes that on May 17, 2010, defendants' motion to compel arbitration was granted in part, but denied with respect to the motion for preliminary injunction. The said motion for preliminary injunction was resolved by the parties, with the Court entering an Agreed Order on May 18, 2010, addressing the preliminary injunction issue. In a Joint Status Report filed on September 19, 2011, the parties "agreed that this action should remain on the active docket to facilitate the parties' investigation into whether the conditions are being met, and the parties respectfully request that the Court permit this action to remain on the active docket for that purpose." By Order of November 4, 2011, the Court held that "this action may be used to facilitate the parties' investigation into whether the conditions of their settlement agreement are being met, including but not limited to the use of third party discovery."

1

After further review, the Court notes as it previously held, that there is a valid agreement to arbitrate between the parties that provides that "[a]ny controversy or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled by arbitration" [DE #22]. This is a broad provision, encompassing all disputes arising out of or relating to the agreement, including but not limited to its breach. As a result, the Court granted the defendants' motion to compel arbitration. While the Court did exercise its jurisdiction to grant preliminary injunctive relief, there is no authority for its continued exercise of jurisdiction. *See Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (1995). As this matter is currently before the arbitrator, the Court lacks subject matter jurisdiction and will strike this matter from the Court's active docket.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that this action shall be **STRICKEN** from the active docket of the Court. The defendants' pending motion to dismiss [DE #86] is **HEREBY DENIED AS MOOT**.

This January 16, 2013.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**